United States District Court
Southern District of Texas
**ENTERED**
April 10, 2026
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KELVIN ALEJANDRO MARQUEZ-GOMEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-01557 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAY THOMPSON, *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Kelvin Alejandro Marquez-Gomez filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 25, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but states that his re-detention following parole into the country is unlawful under the Due Process Clause of the Fifth Amendment. Id at ¶¶10, 35–41.

Prior order noted that the undersigned has previously determined that revocation of parole returns parolees to status as arriving aliens subject to mandatory detention under 8 USC §1225(b)(1). See Dkt 5 at 2, citing *Sanchez v Smith*, 2025 WL 3687914, *2 (SD Tex). It also stated that, even if not detained under §1225(b)(1), Petitioner would instead be subject to mandatory detention under 8 USC §1225(b)(2)(A) as recently interpreted by the Fifth Circuit. See Dkt 5 at 2, citing *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026); see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect as *Buenrostro-Mendez*). That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. See Dkt 5 at 2–5.

Even so, Petitioner was given an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5. Petitioner made no further filing.

Since entry of that order, the undersigned has determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex). Here, as there, Petitioner is subject to mandatory detention, although under §1225(b)(1), rather than §1225(b)(2)(A). And such detention hasn't yet exceeded six months. See Dkt 1 at ¶1 (stating Petitioner has been in custody since January 13, 2026). As such, his claim with respect to lack of due process lacks merit.

Citation by Petitioner to authority concerning due process limits on revocation of parole in the criminal context doesn't counsel a different result. See Dkt 1 at 8, citing *Morrissey v Brewer*, 408 US 471, 482 (1972) (holding that due process requires notice and hearing before neutral hearing officer prior to revocation of parole in criminal context). The Supreme Court has recognized that in "the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore v Kim*, 538 US 510, 511 (2003). Petitioner points to no binding authority finding that mandatory detention in the immigration context violates due process. Indeed, such detention comports with due process for the reasons stated above.

Such determinations foreclose all claims raised in the petition. See Dkt 1 at ¶¶35–41.

The petition for writ of *habeas corpus* by Petitioner Kelvin Alejandro Marquez-Gomez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 10, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge